UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE SANTIAGO,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DR. Y. PATEL, et al.,<br><br>　　　　Defendants | Case No. 1:13 cv 00032 GSA PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

**I.**　　**Screening Requirement**

　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

This action proceeds on the March 11, 2013, first amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Wasco State Prison, brings this civil rights action against defendant correctional officers employed by the CDCR at Wasco. Plaintiff names the following individual defendants: Dr. Patel, M.D.; Chief Physician Dr. Klang; Chief Medical Executive Dr. Yousseff; Licensed Vocational Nurse (LVN) Dickerson; Captain Kebbler. Plaintiff alleges that he was denied adequate medical care such that it violated the Eighth Amendment prohibition of cruel and unusual punishment.

///

2

///

A.   **Medical Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's statement of claim, in its entirety, follows:

> On 12/19/11 Dr. Ramos made out a order for 60 bags of Karaya Ring colostomy bags which I had a fully granted 602 stating this to be my monthly medical need. LVN Dickerson protested by granted 602 and had my needs changed, when Dr. Patel arrived he changed my order and told me to 602 him as I pursued my serious medical needs. Patel partially granted to 15 then again changed and denied my needs as I consistently 602 to a upper level Yousseff and Klang denied my needs never interviewing me as I approached Captain Kebbler he told me my medical needs is

3

> between me and medical.  I have been a whole year without any
> colostomy care using regular trashbags to protect my colon
> hanging out my stomach.  I'm unable to go to chow . . . this is
> cruel and unusual punishment and instead of Captain helping he
> sends C/O to take my state trash bags from me leaving me with a
> open wound.

(Am. Compl. ¶ IV.)

Here, the Court finds Plaintiff's allegations to be vague.  While Plaintiff clearly alleges that he has been subjected to a serious deprivation – a denial of access to medically prescribed colostomy bags – he has not clearly alleged how each individual Defendant has caused Plaintiff injury.  As to Dr. Patel, Plaintiff alleges that he changed his order from 60 bags a month to 15 bags a month.  Plaintiff alleges vaguely that Patel "then again changed and denied my needs."  In order to hold Dr. Patel liable, Plaintiff must allege some facts indicating that Dr. Patel, knowing of Plaintiff's condition, deliberately denied him of basic needs.  Plaintiff must specifically identify what, exactly Dr. Patel did to "deny my needs."  An allegation that Dr. Patel changed the prescription to 15 bags a month, with nothing more, fails to state a claim for relief.

As to Defendants Yousseff and Klang, they cannot be held liable for their participation in the inmate grievance process, or in their capacity as supervisors.  Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009).  Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions.  Id. at 673.

There is no liberty interest in a prison grievance procedure as it is a procedural right only. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).  The prison grievance procedure does not confer any substantive rights upon inmates

4

and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley, 997 F.2d at 495.  Plaintiff's allegation that his administrative review was conducted by Defendants Klang and Yousseff fail to state a claim.

Plaintiff may be able to state a claim against Defendant Captain Kebbler.  Plaintiff must specifically allege facts indicating that Capt. Kebbler deprived Plaintiff of a particular medical need.  Plaintiff alleges that Capt. Kebbler sent correctional officers to take Plaintiff's trash bags that he was using instead of colostomy bags.  Plaintiff has not alleged facts indicating that Kebbler was responsible for Plaintiff's colostomy bags, or that he took all of Plaintiff's trash bags.  Plaintiff must be more specific in his allegations regarding Capt, Kebbler's conduct.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where

that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff has failed to do so here.

### III.     **Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims Upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send to Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.


IT IS SO ORDERED.

Dated:   **September 15, 2013**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE