UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE SANTIAGO,<br><br>         Plaintiff,<br><br>    vs.<br><br>V. PATEL, et al.,<br><br>         Defendants. | 1:13-cv-00032-GSA-PC<br><br>ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983<br>(Doc. 17.)<br><br>ORDER THAT THIS DISMISSAL IS SUBJECT TO THE "THREE-STRIKES" PROVISION SET FORTH IN 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE THIS CASE |

I.      **BACKGROUND**

        Jose Santiago ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on January 9, 2013.  (Doc. 1.)

        On January 22, 2013, Plaintiff consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) in this action, and no other parties have made an appearance.  (Doc. 6.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On March 11, 2013, Plaintiff filed the First Amended Complaint.  (Doc. 13.)   On September 16, 2013, the Court dismissed the First Amended Complaint for failure to state a claim, with leave to amend.  (Doc. 16.)  On September 25, 2013, Plaintiff filed the Second Amended Complaint, which is now before the court for screening. (Doc. 17.)

## II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

///

### III. SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR), incarcerated at Wasco State Prison (WSP) in Wasco, California, where the events at issue in the Second Amended Complaint allegedly occurred.   Plaintiff names as the sole defendant Dr. V. Patel ("Defendant").   Defendant was an employee of the CDCR at WSP at the time of the events at issue.   Plaintiff's factual allegations follow.

Plaintiff has a serious, permanent medical condition due to a colostomy. On December 7, 2011, Plaintiff arrived as WSP with 80 colostomy bags from his last institution.   On December 19, 2011, Plaintiff saw Dr. Ramos who fully granted a 602 inmate grievance that Plaintiff had pending.  As Plaintiff walked out, LVN Dickerson approached Dr. Ramos.  The next day, Plaintiff's order for colostomy bags was changed and a new doctor, Dr. V. Patel, arrived.  Dr. Patel refused to approve Plaintiff's order for colostomy bags.   Plaintiff kept explaining that he has had a colostomy for 12 years and has daily needs for colostomy bags, but Dr. Patel refused to understand and told Plaintiff he was delusional.   Dr. Patel was very inconsiderate and disrespectful to Plaintiff, kept comparing Plaintiff to inmates at the Correctional Training Facility, and told Plaintiff he thought his condition could be fixed. Plaintiff told Dr. Patel that he has seen other doctors who verified that his condition is permanent.  Dr. Patel refused to listen, and Plaintiff had to beg for bags every other day.  His 80 bags ran out.  In April 2011, Plaintiff was in need of bags and was kicked out of the medical department by LVN Dickenson and disciplined.   From that time, Plaintiff used trash bags instead of colostomy bags.

Plaintiff requests monetary damages to compensate him for three years of humiliation. Plaintiff also requests a court order to provide him with 60 colostomy bags and karaya rings each month.

Plaintiff informs the court in the Second Amended Complaint that a new doctor has resolved Plaintiff's need for colostomy bags, and since April 2013, Plaintiff now receives 30 colostomy bags per month.

///

## IV.    PLAINTIFF'S MEDICAL CLAIM

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . .  creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id.  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at

///

4

1060 (citing <u>Shapely v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" <u>Id</u>. at 1057 (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" <u>Id</u>. (quoting <u>Gibson v. County of Washoe, Nevada</u>, 290 F.3d 1175, 1188 (9th Cir. 2002)).  "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. <u>Id</u>. at 1060.  "[E]ven gross negligence is insufficient to establish a constitutional violation." <u>Id</u>. (citing <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990)).

Plaintiff's need for colostomy bags does not rise to the level of "a serious medical need," because he does not make a showing that the failure to provide him with colostomy bags "could result in further significant injury or the unnecessary and wanton infliction of pain." <u>Jett</u>, 439 F.3d at 1096.  Plaintiff describes humiliation, but not pain or injury from being denied colostomy bags for three years.[1]  Furthermore, Plaintiff fails to allege facts showing that Dr. Patel was deliberately indifferent to his needs.  Plaintiff fails to show that when Dr. Patel acted against him, or failed to act, he knew of a substantial risk of serious harm to Plaintiff and deliberately disregarded the risk.  Therefore, Plaintiff fails to state a medical claim under the Eighth Amendment.

///

///

---

[1] The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  The physical injury "need not be significant but must be more than *de minimis*."  <u>Oliver v. Keller</u>, 289 F.3d 623, 627 (9th Cir. 2002).  The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages.  <u>Id</u>. at 630.

## V.   CONCLUSION AND ORDER

The Court finds that Plaintiff's Second Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983.  In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the Court. Plaintiff has now filed two amended complaints without alleging facts against any of the defendants which state a claim under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY ORDERED** that:

1.   Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted under § 1983;

2.   This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g); Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and

3.   The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **May 8, 2014**                          **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE

6